The opinion of the Court was delivered by
Duncan J.
This was a proceeding under the act of 21st March, 1806, commonly called the statement law. The object of this law was, to enable parties to conduct their own suits, in the cases specified in the act. When the cause of action arose on contracts for the payment of money, was founded on verbal promises, book account, note, bond, penal or single bill, the legislature gave the form of writ, and instead of requiring a formal technical declaration, and a formal technical plea, substituted a statement by the plaintiff, and a counter statement by the defendant, to which it was supposed the capacities of men, who had not received a legal education, were fully equal. In all the described cases of plain demands for money, substance only is required ; that which is sufficient to apprise the defendant of the time of the contract, its nature, whether founded on simple contract or speciality, together with the amount which the plaintiff claims as really due. This class of cases cannot extend beyond the enumeration. If the demand falls within the cases enumerated, all that is required, is the information necessary to no *27 itfy the defendant what he is called on to answer. But if the exceptions taken to this judgment were to succeed, it would require all the acuteness and application of a mind, trained by long discipline in special pleading, to institute and conduct the proceedings, instead of the common understanding of a plain man, stating his plain demand. Six exceptions are taken; but the same exception assumes many forms; in substance they are resolved into two: one, that the case of executors or administrators is not comprehended by any of the provisions of the law; and the other, that the writ is informal, inasmuch as it joins two causes of action, which can* not be joined ; debt on simple contract, and debt on a specialty covenant. The act embraces all suits for the recovery any debt, founded on verbal promise, book account, note, bond, penal or single bill, which are not cognisable before a justice of the peace.
I can see nothing in reason, from the representative character of an executor or administrator, to distinguish it from a suit by or against a person in his own right. The executor or administrator is deprived of no privilege, of no defence, which he possessed by the common law mode of proceeding. He has full time to make his defence after statement filed ; he is not, and he cannot be taken by surprise. If his defence consists of a plea to the original demand, he has sufficient time to acquire knowledge, and to shape it so as to meet his case. If it be want of assets, that is known to himself; and every opportunity is offered him, whatever the nature of that defence may be, of putting it in issue. The law has been in operation for more than thirteen years, and the objection is now first made. If it were res integra. I would have no difficulty in the construction; but hundreds of cases against executors and administrators must have arisen under the act and this cotemporaneous and universal usage affords a strong exposition of the law, and the understanding of all men on it.
2d. As to the misjoinder. In covenant, there can be no statement. It is not embraced by the act, nor in the view of the legislature. How then is the writ to be considered ? Not by construing the word, covenant, according to its legal, technical meaning; not confining it to an instrument sealed; not narrowing it to that species of action, called an action of covenant; but according to its vulgar and common acceptation, and according to its usage among the learned, except the *28 learned in the law; a promise, a convention, a contract, or a stipulation. That there is a prmcipe given by an attorney cannot change the construction: it is to be construed as if the plain-without the agency of an attorney, had applied for his own Writ, for it would be hard upon the party, to visit on him the use of a technical term improperly, because he had em-P^°yec^ a proper person, not trusting in his own strength to institute his suit.
The defendants are called on to answer the plaintiffs below, of a plea in debt on a verbal promise : here then are the prmcipe, and the writ, in exact conformity to the very words of the law; and the word, covenant, may be justly rejected as surplusage; utile per inutile, non vitiatur; and the act itself provides, that for mere informality, the writ shall not be set aside. Reading the whole writ, and understanding the word covenant, as it is commonly understood and used, the defendants are called on to answer the plaintiffs of a plea in debt, on a verbal promise, and verbal covenant. Now a verbal covenant, is nothing more or less, than a verbal promise. Here they mean the same thing; not two different causes of action; one, a simple contract, the other, a sealed instrument ; but one cause, on a verbal contract and stipulation. It never can be that the defendant was taken by surprise ; that he came prepared to defend himself on a specialty, and was called on to defend on a verbal promise; because the statement was filed on the day on which the writ was issued ; and the plaintiffs’ cause of action as on a verbal promise, stated with all precision. A statement is different from a declaration, which is a specification in legal and technical form, of the circumstances which constitute the plaintiffs’ cause of action. A statement, is an immethodical declaration, stating in substance, the time of the contract, the sum, and on what founded, whether a verbal promise, book account, note, bond, single or penal bill, with a certificate of the belief of the plaintiff, or his agent, of what is really due.
The plaintiffs in error were in default when the judgment Was rendered by the Court. The statement was filed in due time. They were called on for a plea ; they refused to put one in; neglected to make their defence; and it was then the duty of the Court to give a final judgment, for the sum which appeared to be really due, by the certificate of the plaintiffs below. The judgment is affirmed.
Judgment affirmed.